IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL SMITH,
    Plaintiff,

vs.                                        Case No.:  3:06cv314/MCR/EMT

OFFICER LAWSON, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  This matter is now before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Doc. 9) and Motion to Dismiss (Doc. 10).  Plaintiff's motion for leave to proceed IFP shall be granted for the limited purpose of dismissal of this action.  Additionally, Plaintiff's motion to dismiss shall be construed as a notice of voluntary dismissal, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Rule 41(a)(1)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

    Accordingly, it is **ORDERED**:

    Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 9) is **GRANTED**.

    And it is respectfully **RECOMMENDED**:

    That Plaintiff's Motion to Dismiss (Doc. 10), construed as a notice of voluntary dismissal, be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 24<u>th</u> day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**